Donahue, J.,
concurring. I concur in the judgment of affirmance in this case solely for the reason that these mutual telephone companies are claiming the right to erect poles and string wires thereon, over and along the public streets and alleys, under and in pursuance of a grant or franchise to them by the council of the municipalities named in the petition.
Such rights cannot be granted in the streets and alleys of a municipal corporation, except to a public service corporation that is required by the laws of this state to furnish equal service to the public gén'erally.
*343 Injunction is the proper remedy to prevent the exercise of such rights in the public streets and ways by private individuals for private purposes.
On the other hand, I do not believe that a mutual telephone company, organized not for profit, and serving only its stockholders, with the right to reject or accept any stockholder it pleases, can be required to procure a certificate from the public service commission before doing business in any locality, no matter whether a telephone company organized for profit is of is not furnishing adequate service to its subscribers in that locality.
The public service commission of Ohio, as its name indicates, is a commission created for the purpose of controlling and regulating the public utilities of this state.
Section 3 of the act creating that commission (Section 614-2, General Code) specifically enumerates the “person or persons, firm or firms, co-partnership or voluntary association, joint stock association, company or corporation, wherever organized or incorporated,” that come within the control and jurisdiction of the public service commission of Ohio. In this connection the statute defines a telephone company, and the following section of the same.act (Section 614-2a, General Code) specifically exempts from the terms of the statute utilities operated “not for profit;” so that the definition of “a telephone company” as given in Section 3 of the act creating the public service commission, must be read in connection with .the exceptions written in Section 4 of the same act, and so reading the two together, a telephone company, within the *344 meaning of this act creating the public service commission of Ohio and defining its duties and authority, is a “person or persons, firm or firms, co-partnership or voluntary association, joint stock association, company or corporation * * * transmitting to, from, through, or in this state, telephonic messages” for profit. It follows, therefore, that when Section 54 of the same act refers to telephone companies, it means a telephone company as defined by Sections 3 and 4 of the same act; otherwise it would refer only to companies, and not to individuals, firms or partnerships, operating this public utility for profit in this state.